■ SUZANA PIAMENTA et al., Respondents, v SECOND GENERATION REALTY Co. LLC et al., Respondents, and V.I.P. FIRE SPRINKLER INC., Appellant. SECOND GENERATION REALTY Co. LLC et al., Third-Party Plaintiffs-Respondents, v AK STEEL CORPORATION, Third-Party Defendant-Respondent. MAYER MALBIN Co., INC., Second Third-Party Plaintiff-Respondent, v SAWHILL TUBULAR et al., Second Third-Party Defendants. [770 NYS2d 35]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 9, 2003, which denied the motion of V.I.P. Fire Sprinkler Inc. (VIP) for summary judgment dismissing the complaint and cross claims against it, unanimously affirmed, without costs.

Although VIP, in support of its summary judgment motion,

established a prima facie entitlement to judgment as a matter of law, the expert affidavit submitted by respondents in opposition to VIP's motion, based on their expert's postaccident examination of the removed length of ruptured pipe, was sufficient to raise factual issues as to whether the pipe was visibly corroded prior to the accident and, accordingly, as to whether its deteriorated condition should have been detected and remedied prior to its rupture and the alleged consequent harm to plaintiffs (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The record also discloses the existence of a triable issue as to whether VIP was, pursuant to its contractual undertaking to provide sprinkler system maintenance, responsible for inspecting the feeder pipe in question.

We have considered VIP's remaining arguments and find them unavailing. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.